[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15575
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20413-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELLYSHA HOOD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 27, 2014)

Before WILLIAM PRYOR and MARTIN, Circuit Judges.[1]

_____

[1] This decision is rendered by quorum, due to the retirement of Senior Judge Hill on October 20, 2014.  28 U.S.C. § 46 (d).

PER CURIAM:

Appellant Kellysha Hood was indicted for knowingly importing a detectable amount of cocaine into the United States, in violation of 21 U.S.C. § 952(a), (b)(3), 18 U.S.C. § 2; and one of count of knowingly possessing with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), 18 U.S.C. § 2.  A jury found Hood guilty on both counts.[2]

## I.

Hood was detained by Customs and Border Protection (CSP) officers upon her arrival at the Miami International Airport on May 21, 2013, on a commercial flight originating in Montego Bay, Jamaica.  Officers testified that, upon questioning, Hood was unsteady, talked rapidly, and was moving around, not still.  Hood told officers she had been on vacation and was traveling alone.

Hood was escorted to and retrieved her checked luggage, a black suitcase.  Hood told officers that "they" told her to look for the emblem "TCL."[3]  Hood confirmed that the black suitcase was her bag, that she packed it herself, that everything in it was hers, and that she was responsible for everything in the bag.

---

[2] The district court sentenced Hood on November 25, 2013, to a term of twenty-four months' imprisonment as to each count, to be served concurrently, and three years' supervised release.  Hood has a projected release date of April 16, 2015.

[3] When asked who "they" was, Hood told CBP officers that it was her boyfriend, Dwight, who took her to the airport.

While officers inspected the bag, Hood continued "rapid talking" and "moving back and forth," "fidgeting." Although nothing was found in the suitcase after the initial search, Hood's behavior caused officers to search the bag a second time, by smelling it and x-raying it. A "book size" shadow of a package appeared on the x-ray in the lining of the suitcase. The package tested positive for cocaine. Hood began hyperventilating and was incoherent.

Hood was arrested. After waiving her *Miranda* rights, Hood denied knowing that the drugs were in her suitcase.

## II.

Hood pleaded not guilty to the two-count indictment filed against her on June 4, 2013, and invoked her right to a jury trial. On August 2, 2103, the government provided a notice of intent to call expert witness Marco Suarez, Department of Homeland Security (DHS) Investigations special agent, to testify regarding: "(1) the importation of narcotics into the United States; (2) the methods by which cocaine is imported into the United States; (3) the precautions taken by importers to protect the narcotics; (4) the value of the particular amounts of narcotics; and (5) the characteristics and modus operandi of narcotics couriers."

At trial, Hood did not call any witnesses or present evidence after the government rested. A jury convicted Hood on both counts. She appeals.

III.

On appeal, Hood argues that the district court erred in allowing the government to present as expert testimony, the testimony of DHS Special Agent Marco Suarez as to the methods used by drug traffickers to import drugs into the United States, and the typical attributes of human drug couriers.  She also argues that the district court erred in allowing the government to discuss this testimony during closing arguments.

Hood failed to raise an objection to the admission of Special Agent Suarez' expert testimony as it was introduced at trial.  Neither did she object at trial to the government's discussion of his testimony at closing argument.  This failure to object causes us to assess both issues on appeal under the standard of plain error. *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007); *United States v. Merrill*, 514 F.3d 1293, 1306–07 (11th Cir. 2008).

IV.

Hood claims that the district court erred in allowing Special Agent Suarez to testify as an expert witness, as the use of drug courier profiles is not substantive evidence of guilt, and that the district court erred in allowing the government at closing to argue that Hood was guilty because she fit a "drug courier profile." Hood claims that Special Agent Suarez' testimony was inadmissible as it provided opinions as to her state of mind, stated legal conclusions, and tied her conduct to

4

criminal conduct beyond the scope of the case.  Fed.R.Evid. 704(a).  Hood argues that its prejudicial impact outweighed its probative value.  Fed.R.Evid. 403.

The government argues that the operations of narcotics dealers unique to the drug distribution business are the proper subject of expert testimony.  It claims that, although we have criticized the use of a "drug courier profile" as substantive evidence of a defendant's guilt, such expert testimony is admissible if it is used as background material for why a defendant is stopped and searched by customs officers.  *United States v. Hernandez-Cuartas*, 717 F.2d 552, 555 (11th Cir. 1983).

V.

As to the first issue raised on appeal, it is clear from the record that the district court did not commit plain error when it allowed Special Agent Suarez to testify.  The record reflects that Special Agent Suarez did not provide his opinion as to whether or not he knew that there were drugs in her luggage, nor did he use a drug courier profile as a substantive evidence of Hood's guilt.  At most, his testimony was background information.  As the probative value of this testimony was not necessary or relevant to the charges against Hood, the prejudicial effect of the admission of this testimony, if any, was slight.  *Hernandez-Cuartas*, 717 F.2d at 555.

As to the second issue raised on appeal, it is clear from the record that the district court did not commit plain error when it allowed the government's closing

argument statements.  There is ample and other substantial evidence in the record to support Hood's guilt, and to allow the jury to conclude that Hood was aware she was transporting drugs into the United States.  *See United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005).

## IV.

Under our plain error standard of review, Hood's jury conviction stands and we affirm the judgment of the district court.

AFFIRMED.